**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION**

| | |
|---|---|
| **RUSSELL CORPORATION,** ) | |
| ) | |
|     **Plaintiff/Counter-defendant,** ) | |
| ) | |
|                v. ) | **CASE NO. 3:08-cv-293-WKW** |
| ) | |
| **JOHN F. WARD,** ) | |
| ) | |
|     **Defendant/Counter-plaintiff.** ) | |

**MEMORANDUM OPINION AND ORDER**

This case is before the court on the plaintiff's Motion to Remand (Doc. # 4) and Motion to Dismiss Defendant's Counterclaim (Doc. # 11). The court concludes that the case is due to be remanded because the court does not have jurisdiction.

**I.  FACTS AND PROCEDURAL HISTORY**

On March 7, 2008, Plaintiff Russell Corporation ("Russell") filed a declaratory judgment action in the Circuit Court of Tallapoosa County, Alabama, against its former CEO and Chairman of the Board, Defendant John F. Ward ("Ward"). (Notice of Removal ¶ 1; Compl. ¶¶ 1,4.) Russell, a Delaware corporation with its principal place of business in Alexander City, Alabama, seeks a judgment declaring it not responsible for payment of certain expenses incurred by Ward, who is a resident of Georgia. (Compl. ¶¶ 2-3, 20.) Russell alleged that the amount in controversy does not meet the jurisdictional amount: "The total amount of attorneys' fees and interest for which Ward seeks payment from Russell is

less than $75,000.00. Instead, the total is approximately $30,000.00." (*Id.* ¶ 18.)

Having been served on March 19, 2008, Ward timely removed the case on April 16, 2008, asserting diversity jurisdiction. (Notice of Removal ¶¶ 5-9.) On April 23, 2008, two days after Russell filed the instant motion to remand, Ward filed his Answer (Doc. # 7) in which he also asserted counterclaims against Russell for declaratory judgment and breach of contract. During the briefing period for the remand motion, Russell filed a Motion to Dismiss Defendant's Counterclaim (Doc. # 11). The parties have fully briefed the motions.

## II. STANDARD OF REVIEW

Federal courts have a strict duty to exercise the jurisdiction conferred on them by Congress. *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 716 (1996). However, "[f]ederal courts are courts of limited jurisdiction." *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994). Thus, with respect to cases removed to this court pursuant to 28 U.S.C. § 1441, the law of the Eleventh Circuit favors remand where federal jurisdiction is not absolutely clear. "[R]emoval statutes are construed narrowly; where plaintiff and defendant clash about jurisdiction, uncertainties are resolved in favor of remand." *Id*.

## III. ANALYSIS

The court must resolve the threshold jurisdictional question raised by both the motion to remand and the motion to dismiss. A removing defendant bears the burden of establishing the propriety of removal. *See Leonard v. Enterprise Rent a Car*, 279 F.3d 967, 972 (11th Cir. 2002). A defendant may remove a state court action if the district court has original

jurisdiction over the subject matter. 28 U.S.C. § 1441; *Caterpillar Inc. v. Williams*, 482 U.S. 386, 391-92 (1987). Ward alleges diversity jurisdiction, which exists where there is complete diversity of citizenship and the amount in controversy exceeds $75,000.00, exclusive of interest and costs. 28 U.S.C. § 1332. The amount in controversy is assessed as of the date of removal. *Burns*, 31 F.3d at 1097 n.13.

For declaratory or injunctive relief, "the amount in controversy is measured by the value of the object of the litigation." *Hunt v. Wash. State Apple Adver. Comm'n*, 432 U.S. 333, 347 (1977). The value of the object of the litigation is measured solely from the *plaintiff's* perspective; the value to the defendant is irrelevant. *Ericsson GE Mobile Commc'ns, Inc. v. Motorola Commc'ns & Elecs., Inc.*, 120 F.3d 216, 219-220 (11th Cir. 1997). In some cases, the value of a declaratory or injunctive relief may be "too speculative and immeasurable" to establish the amount in controversy. *Id.* at 221-22.

To determine the amount in controversy, a court first looks to the amount alleged in the complaint. *Burns*, 31 F.3d at 1095. Russell's complaint specifically states that the amount in controversy is "less than $75,000.00." Therefore, it could be argued, as Russell does, that no jurisdiction exists on the face of Russell's claim and that Ward "must prove to a *legal certainty* that plaintiff's claim must exceed [$75,000]" to avoid a remand. *Burns*, 31 F.3d at 1095 (emphasis added). Ward, on the other hand, argues that Russell has not pleaded a specific amount of damages, and, thus, Ward's burden to establish the jurisdictional amount is measured by a *preponderance of the evidence* standard. But because Ward fails to carry

his burden under *either* standard, the court need not determine which standard is applicable here.[1]

To determine whether the value of the object of the litigation to Russell meets the jurisdictional amount, the court is limited to examining Ward's removal documents. *Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1213-14 (11th Cir. 2007), *reh'g en banc denied*, Nos. 06-16324, 06-16325, 2008 WL 41327 (11th Cir. Jan. 3, 2008), *cert. denied*, __ U.S. __, 128 S. Ct. 2877 (2008). If the initial complaint and the notice of removal do not "unambiguously establish federal jurisdiction . . . neither the defendants nor the court may speculate in an attempt to make up for the notice's failings." *Id.* (footnotes and citation omitted). Therefore, the determination is a rather simple process: "If the jurisdictional amount is either stated clearly on the face of the documents before the court, or readily deducible from them, then the court has jurisdiction. If not, the court must remand. Under this approach, jurisdiction is either evident from the removing documents or remand is appropriate." *Id.* at 1211.

The removing documents consist of the Notice of Removal and state court complaint, which includes as an attachment the contract at issue between the parties. In contrast to the allegation in the complaint, which explicitly states that the amount in issue is "less than

---

[1] Moreover, the Eleventh Circuit has indicated that if a defendant, through his removal documents, can carry his burden of establishing jurisdiction, "then the defendant could have satisfied a far higher burden than preponderance of the evidence," such as the legal certainty standard. *Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1211, n.9 (11th Cir. 2007), *reh'g en banc denied*, Nos. 06-16324, 06-16325, 2008 WL 41327 (11th Cir. Jan. 3, 2008), *cert. denied*, __ U.S. __, 128 S. Ct. 2877 (2008).

$75,000. Instead, the total is approximately $30,000.00," (Compl. ¶ 18), the Notice of Removal claims that "[t]he amount in controversy exceeds $75,000.00, exclusive of interest and costs." (Notice of Removal ¶ 7.) Nothing on the face of the contract helps to resolve these conflicting allegations. "[U]ncertainties are resolved in favor of remand," *Burns*, 31 F.3d at 1095, and, under *Lowery*, it appears that remand is appropriate where, as here, jurisdiction is not evident from the removal documents.

The jurisdictional inquiry ends here; however, the result would be the same even if the court considered the parties' briefing on the remand issue. In his response brief, Ward divides the amount in controversy into two issues: "reimbursement for fees related to the office benefit – the $30,000 issue" and "reimbursement for fees related to this action – the $50,000(+) issue." (Resp. Br., at 4, 7.) The parties agree that "at least $30,000 is in dispute based on [certain] reimbursement requests." (*Id.* at 7.) What is in dispute, however, is whether the amount of attorney fees (that Ward has incurred and *will incur* in seeking reimbursement from Russell) should be included in the jurisdictional amount.[2]

The court concludes that the estimated attorney fees should not be included in the jurisdictional amount. The amount in controversy is assessed as of the date of removal. *Burns*, 31 F.3d at 1097 n.13; *see also Gardynski-Leschuck v. Ford Motor Co.*, 142 F.3d 955, 958-59 (7th Cir. 1998). The amount in dispute – as of April 17, 2008, the date of removal –

---

[2] This is the issue – *assuming* the court buys Ward's argument that, under the terms of the contract, Russell cannot avoid the obligation to pay all of Ward's attorney fees, even if Russell prevails. The court does not express an opinion on the merits of the litigation.

was approximately $50,000. This total includes $30,000 for what Ward refers to as "fees related to the office benefit," (Resp. Br., at 4), and $20,970.70 in legal fees and expenses that Womble Carlyle Sandridge & Rice, PLLC, has thus far charged Ward for representation in this matter.[3] (Kendrick Aff. ¶ 9.) Ward argues, though, that attorney fees incurred through the completion of this litigation "will easily exceed $50,000," the approximate amount needed to meet the jurisdictional amount. (Resp. Br., at 16.)

The problem with Ward's calculus, of course, is that it is mere speculation. Ward may be able to measure the amount of attorney fees by multiplying his attorneys' hourly billing rates by the number of hours that his attorneys estimate they will work on this litigation, but the calculated amount is still speculation because these legal fees "have not been and may never be incurred, and are therefore not 'in controversy' between the parties." *Gardynski-Leschuck*, 142 F.3d at 958; *accord Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 107 (1998) (holding, in the context of standing, that "bringing suit for the cost of bringing suit" does not create a case or controversy). The Seventh Circuit reminds us that "[i]t is essential to distinguish between the likely course of litigation and the legal rights of the parties." *Id.* Ward may be likely to incur more than $50,000 in legal fees in the litigation, but these fees are avoidable if, for example, Russell made an acceptable offer of judgment, or if the parties otherwise settled.

Because Ward failed to establish that the amount in controversy has been met, the

---

[3] Kendrick avers that $20,970.70 is the amount incurred through May 15, 2008. The amount incurred as of April 17, 2008, may in fact be less.

6

court must remand for lack of subject matter jurisdiction.

### IV.  CONCLUSION

For the reasons stated above, it is ORDERED that:

1. The plaintiff's Motion to Remand (Doc. # 4) is GRANTED;

2. The plaintiff's Motion to Dismiss (Doc. # 11) is DENIED as MOOT;

3. This case is REMANDED to the Circuit Court of Tallapoosa County, Alabama; and

4. The Clerk is DIRECTED to take all steps necessary to effect the remand.

DONE this 22nd day of July, 2008.

                                        /s/  W.  Keith Watkins
                                      UNITED STATES DISTRICT JUDGE